IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-01713-SKC-STV

BRITTNEY VICTORIA EGUAKUN,

    Plaintiff,

v.

GUTSO, INC.,

    Defendant.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION RE:
MOTION TO DISMISS (DKT. 40)**

---

Now before the Court is the Recommendation of Magistrate Judge Scott T. Varholak. The Recommendation suggests the undersigned grant Defendant Gutso, Inc.'s Motion to Dismiss (MTD) (Dkt. 23) and dismiss, without prejudice, Plaintiff Brittney Victoria Eguakun's Complaint (Dkt. 1) because she fails to plead factual allegations that support each of the elements of her claims. Dkt. 40, pp.15-24. The Recommendation goes on to propose, if the Court affirms and adopts the Recommendation, the undersigned further grant Plaintiff 21 days from the entry of the Court's order for Plaintiff to file an amended complaint that cures the deficiencies identified in the Recommendation. *Id.* at p.24.

As explained below, because the Court has satisfied itself that there is no clear error on the face of the record, the Court AFFIRMS and ADOPTS the Recommendation, including the recommendation that the Court grant Plaintiff 21 days from today in which to file an amended complaint. The Recommendation is incorporated herein.

## BACKGROUND

This action centers around various claims brought by Plaintiff related to her employment by Defendant. *See generally* Dkt. 1. Construing her Complaint liberally because she is a *pro se* party, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted), Judge Varholak discerned the following claims from her Complaint: (1) a racial discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; (2) sex discrimination under Title VII; (3) a retaliation claim under Title VII; and (4) a failure to accommodate under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*. Dkt. 40, p.6.

Defendant filed its MTD arguing all of Plaintiff's claims should be dismissed for failing to timely file this lawsuit, to exhaust her administrative remedies, and to make sufficient factual allegations to plead the elements of each of her claims. *Id.* at pp.7-8. Plaintiff filed her Response (Dkt. 29), which included many additional facts that Judge Varholak could not consider when ruling upon the MTD. And Defendant filed its Reply. Dkt. 30. Judge Varholak issued his Recommendation on May 15, 2024. Dkt. 40.

## FINDINGS AND ORDERS

The Recommendation advised the parties they had 14 days after service of the Recommendation to serve and file specific written objections to it for this Court's consideration, citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). No party filed objections. As a result, they have waived *de novo* review of the Recommendation by this Court. *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

When no party files objections, the district court may review a magistrate judge's recommendation under any standard it deems fit. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas,* 474 U.S. at 150 ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court, therefore, reviews the Recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), 1983 Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, which in turn is less than a *de novo* review. *See* Fed. R. Civ. P. 72(a) and (b).

The Recommendation is detailed and thorough and contains no clear error on the face of the record. And it correctly applies the law. In it, Judge Varholak astutely rejects, based upon the allegations of the Complaint and the law, Defendant's arguments that the action should be dismissed entirely because Plaintiff allegedly filed her action two days too late and failed to exhaust her administrative remedies.

3

*Id.* at pp.8-15. He then perceptively construes Plaintiff's claims liberally, identifies the elements of those claims, and explains why Plaintiff's Complaint, as drafted, fails to allege factual statements that support the elements of her claims. *Id.* at pp.15-24. He recommends dismissing all of her claims for failing to state a claim. *Id.* He further judiciously noted that Plaintiff's Response included numerous additional facts, which he must ignore in context of analyzing the MTD, but which suggested to him that Plaintiff might be expressing her desire to amend her Complaint. *Id.* at pp.18-19, 21, 24. He thus recommends the Motion be granted, Plaintiff's claims be dismissed without prejudice, and the undersigned provide her with 21 days in which to file an amended complaint.

As mentioned, this Court has reviewed the Recommendation and the entire record in this case and finds the Recommendation is well-reasoned and a correct application of the facts and the law to the circumstances presented. Finding "no clear error on the face of the record," this Court AFFIRMS and ADOPTS the Recommendation and GRANTS the MTD, without prejudice. The Court FURTHER ORDERS that Plaintiff, if she so desires, may file an amended complaint on or before August 5, 2024.

DATED: July 15, 2024.

BY THE COURT:

S. Kato Crews
United States District Judge

4