IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-01713-SKC-STV

BRITTNEY VICTORIA EGUAKUN,

    Plaintiff,

v.

GUTSO, INC.,

    Defendant.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 49)
RE: MOTION TO DISMISS (DKT. 43)**

---

Now before the Court is the Recommendation of Chief Magistrate Judge Scott T. Varholak (Dkt. 49) that recommends the Court grant Defendant Gutso, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (MTD) (Dkt. 43). As explained below, because the Court has satisfied itself that there is no clear error on the face of the record, the Court AFFIRMS and ADOPTS the Recommendation.

### BACKGROUND

Plaintiff Brittney Eguakun was an employee of Defendant from August 6, 2018, to April 1, 2022, when Defendant terminated her employment. Dkt. 42, p.6. Her Amended Complaint (Dkt. 42) alleges race and sex discrimination, and retaliation, all in violation of Title VII (Counts 1, 2, and 3), and failure to accommodate her ADHD

1

and General Anxiety Disorder in violation of the Americans with Disabilities Act (ADA) (Count 4). Dkt. 42, pp.3-5.

Previously, the Court dismissed Plaintiff's original Complaint after affirming and adopting an earlier Report and Recommendation from Judge Varholak. The earlier dismissal was based on the Complaint's failure to allege sufficient facts to support Plaintiff's claims. The Court allowed Plaintiff time to file an amended complaint to address the deficiencies in the original. Dkt. 41, p.4. Plaintiff filed her Amended Complaint, and Defendant again filed a motion to dismiss. This Court referred the MTD to the magistrate judge.

Upon referral, Judge Varholak considered the MTD and the Amended Complaint, along with Plaintiff's Response (Dkt. 45) and Defendant's Reply (Dkt. 48). He again recommends granting the MTD and dismissing the Amended Complaint, this time with prejudice, because he recommends finding the Amended Complaint fails to redress the shortcomings of the original Complaint. Dkt. 49, p.18. Since Plaintiff is not represented by counsel, the Court has construed her filings liberally but without acting as her advocate, as did Judge Varholak.

**FINDINGS AND ORDERS**

The Recommendation advised the parties they had 14 days after service of the Recommendation to serve and file specific written objections to it for this Court's consideration, citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). No party filed

objections. As a result, they have waived *de novo* review by this Court. *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

When no party files objections, the district court may review a magistrate judge's recommendation under any standard it deems fit. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas,* 474 U.S. at 150 ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court, therefore, reviews the Recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), 1983 Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, which in turn is less than a *de novo* review. *See* Fed. R. Civ. P. 72(a) and (b).

The Recommendation is detailed and thorough and contains no clear error on the face of the record. And it correctly applies the law. In it, Judge Varholak describes the law controlling each of Plaintiff's claims, and further aptly explains how and why the allegations in the Amended Complaint fail to plausibly allege one or more of the elements of each of those claims. *See generally* Dkt. 49, pp.8-17. Moreover, he notes that these failures are the same deficiencies the Court previously identified when analyzing the prior complaint and ruling on Defendant's earlier motion to dismiss; thus, he recommends each claim now be dismissed with prejudice. *Id.* at pp.11, 13, 17.

This Court has reviewed the Recommendation and the entire record in this case and finds the Recommendation is well-reasoned and a correct application of the facts and the law to the circumstances presented. Finding "no clear error on the face of the record," this Court AFFIRMS and ADOPTS the Recommendation and GRANTS the MTD.

Because the Amended Complaint failed to address the deficiencies the Court identified and explained to Plaintiff that existed in her original Complaint, the Court ORDERS the dismissal of Plaintiff's claims in the Amended Complaint WITH PREJUDICE. *See Stinson ex rel. United States v. Maynard*, 341 F. App'x 413, 417 (10th Cir. 2009) (citing *Sheldon v. Vermonty*, 269 F.3d 1202, 1207 n.5 (10th Cir. 2001) (dismissal with prejudice appropriate when amended complaint fails to address previously identified deficiencies)). It is FURTHER ORDERED that the Clerk of Court shall terminate this case.

DATED: January 7, 2025.

BY THE COURT:

_____
S. Kato Crews
United States District Judge

4